**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

DeLARRON KEITH WASHINGTON
ADC #103179                                                                                              PLAINTIFF

v.                                                      4:24-cv-00090-BSM-JJV

DEXTER PAYNE, Director,
Arkansas Dept. of Corrections; *et al.*                                                    DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.    DISCUSSION**

DeLarron Keith Washington ("Plaintiff") is a prisoner in the Arkansas Division of Correction ("ADC") who has filed a *pro se* Complaint and an Addendum seeking relief pursuant to 42 U.S.C. § 1983. (Docs. 2, 5.) Plaintiff says in October 2017, December 2020, and November 2023, twenty Defendants violated ADC policy as well as his Fourteenth Amendment due process rights when they charged him, found him guilty of, and affirmed his disciplinary convictions for possessing drugs in prison based on on-site, field tests alone without confirmation from an outside laboratory. After careful consideration and for the following reasons, I recommend the Complaint

be dismissed without prejudice for failing to state a claim upon which relief may be granted.[1]

First, the statute of limitations for § 1983 actions filed in Arkansas is three years. *Spradling v. Hastings*, 912 F.3d 1114, 1119 (8th Cir. 2019); *Miller v. Norris,* 247 F.3d 736, 739 (8th Cir. 2001). This means Plaintiff cannot proceed with any claims that arose three years before he filed this lawsuit on February 2, 2024. Consequently, Plaintiff's claims stemming from his October 2017 and December 2020 disciplinary convictions are barred.

Second, prisoners do not have a constitutional right to enforce compliance with internal prison rules and regulations. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997). Thus, Plaintiff's assertion that Defendants violated his constitutional rights by failing to comply with the ADC's drug testing policy fails to state a plausible claim for relief.

Finally, this leaves Plaintiff's due process challenge to his November 2023 disciplinary conviction which resulted in: (1) a sixty-day suspension of his phone, commissary, and visitation privileges; (2) him spending thirty days in punitive isolation; and (3) his class being reduced. (Doc. 2 at 12, 40.) Prisoners have a Fourteenth Amendment right to receive due process during prison disciplinary proceedings <u>only</u> if they implicated a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Spann v. Lombardi*, 65 F.4th 987 (8th Cir. 2023). Prisoners have a liberty interest in avoiding temporary placement in administrative or punitive segregation only if the conditions there are an "atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 485; *Rahman X v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002). The

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Eighth Circuit has "consistently held that a demotion to segregation, even without cause, is not itself an atypical or significant hardship." *Smith v. McKinney*, 954 F.3d 1075, 1082 (8th Cir. 2020); *Hamner v. Burls*, 937 F.3d 1171, 1180 (8th Cir. 2019). Plaintiff has not pled any facts suggesting the conditions in punitive isolation were an atypical or significant hardship, and the Eighth Circuit has held confinement in punitive isolation for much longer than the thirty days endured by Plaintiff does not give rise to a liberty interest. *See Ballinger v. Cedar Cnty*, Mo., 810 F.3d 557, 562-563 (8th Cir. 2016) (finding no atypical hardship where a prisoner was held in solitary confinement for one year with reduced access to showers, telephones, exercise, and social interaction); *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*). Similarly, prisoners do not have a liberty interest in maintaining a particular classification level or in keeping commissary, phone, or visitation privileges. *Smith,* 954 F.3d at 1082; *Persechini v. Callaway*, 651 F.3d 802, 807, n. 4 (8th Cir. 2011). Having no liberty interest at stake, Plaintiff was not entitled to receive any due process protections during his November 2023 disciplinary proceedings. Accordingly, he has failed to plead a plausible § 1983 claim for relief.[2]

**II.     CONCLUSION**

    IT IS, THEREFORE, RECOMMENDED that:

    1.     The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a

---

[2] Even if Plaintiff's October 2017 and December 2020 disciplinary claims had not been barred by the statute of limitations, they would fail to be plausible claims for the same reasons with one further clarification. Plaintiff says he lost a year of good time credits as a result of those two disciplinary convictions. Even assuming Plaintiff had a liberty interest in keeping those earned good time credits, "because good time credits affect the length of an inmate's confinement, the Court held in *Preiser* that habeas corpus, not § 1983, is the exclusive federal remedy when a state prisoner seeks restoration of good time credits taken away by a prison disciplinary proceeding." *Portley-El v. Brill*, 288 F.3d 1063, 1066 (8th Cir. 2002).

claim upon which relief may be granted.

2.      The Court recommend dismissal count as a strike, in the future, for purposes of 28 U.S.C. § 1915(g).

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 26th day of February 2024.

```
                              _____
                              JOE J. VOLPE
                              UNITED STATES MAGISTRATE JUDGE
```